# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| COTTAGES AT ROMAR, L.L.P., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 14-00221-KD-M |
| ) | |
| CITY OF ORANGE BEACH, ) | |
|     Defendant. ) | |

## ORDER

This action is before the Court on the parties' "Joint Motion for (1) Dismissal of Count Two with Prejudice and (2) Remand to Baldwin County Circuit Court" (Doc. 11) ("the Joint Motion"). On May 15, 2014, Defendant removed this case to this Court from the Circuit Court of Baldwin County, Alabama, following Plaintiff's filing of its First Amended Complaint (Doc. 2-1 at 81-85) in state court on April 22, 2014. (Doc. 1). The Court has original jurisdiction under 28 U.S.C. § 1331 (federal question) over Count Two of the First Amended Complaint, while the Court exercises supplemental jurisdiction under 28 U.S.C. § 1367(a) over the breach of contract claim in Count One. In their Joint Motion, the parties seek dismissal with prejudice of Count Two of the First Amended Complaint, the only claim over which the Court has original jurisdiction, followed by remand of the remaining claim to state court.

Federal Rule of Civil Procedure 41(a) governs voluntary dismissals of actions by a plaintiff. However, as the parties were previously informed (see Doc. 10 at 3 n.4), "Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action. 'A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).'" Klay v. United

Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004) (quoting 8 Moore's Federal Practice § 41.21[2], at 41–32). Accord Campbell v. Altec Indus., Inc., 605 F.3d 839, 841 n.1 (11th Cir. 2010). As such, whether construed as a stipulation of dismissal under Rule 41(a)(1)(A)(ii)[1] or a motion to dismiss under Rule 41(a)(2), the Joint Motion cannot effect dismissal of only Count Two of the First Amended Complaint. (Doc. 2-1 at 81-85).

Moreover, generally, "a district court's removal jurisdiction is determined at the time of removal, and 'events occurring after removal ... do not oust the district court's jurisdiction.' " Smith v. Wynfield Dev. Co., Inc., 238 F. App'x 451, 455 (11th Cir. 2007) (quoting Poore v. Am.-Amicable Life Ins. Co. of Texas, 218 F.3d 1287, 1290-91 (11th Cir. 2000)). "[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." Rockwell Int'l Corp. v. United States, 549 U.S. 457, 474 n.6 (2007). See also IMFC Prof'l Servs. of Florida, Inc. v. Latin Am. Home Health, Inc., 676 F.2d 152, 157 (5th Cir. Unit B 1982)[2] ("[A]mendment of a complaint…to eliminate a federal question does not oust a court of jurisdiction (absent sham pleading)…"); Nelson v. Whirlpool Corp., 727 F. Supp. 2d 1294, 1301 (S.D. Ala. 2010) (Steele, C.J.). However, when a district court exercises supplemental jurisdiction over state law claims on removal under 28 U.S.C. § 1367(a), "[t]he court **ha[s] discretion** to retain jurisdiction over the state law claims even after [the plaintiff] amend[s] the complaint to remove any federal cause of action." Behlen v. Merrill Lynch, 311 F.3d 1087, 1095 (11th Cir. 2002) (emphasis added). See also § 1367(c)(3) ("The district courts

---

[1] The Joint Motion is "signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii).

[2] In Stein v. Reynolds Securities, Inc., 667 F.2d 33, 34 (11th Cir.1982), the Eleventh Circuit adopted as binding precedent all of the post-September 30, 1981, decisions of Unit B of the former Fifth Circuit.

may decline to exercise supplemental jurisdiction over a claim under subsection (a) if…the district court has dismissed all claims over which it has original jurisdiction.").

Upon consideration, it is **ORDERED** that the Joint Motion (Doc. 11) is **DENIED** to the extent it seeks dismissal of Count Two.  As the request for remand is conditioned on dismissal of Count Two, that request (Doc. 11) is **DENIED without prejudice**.  If the parties wish to dismiss Count Two, Plaintiff is directed to amend its complaint under Federal Rule of Civil Procedure 15(a)(2) to eliminate that claim.[3]  Upon the filing of such an amended complaint, the Court will revisit the parties' joint request for remand.

**DONE** and **ORDERED** this the **11th** day of **June 2014**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[3] As was explained previously (see Doc. 10), Plaintiff's opportunity to amend its complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1) has lapsed; thus Rule 15(a)(2) applies. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." (emphasis added).  The Court treats the Joint Motion (Doc. 10) as Defendant's written consent to the filing of an amended complaint only eliminating Count Two of the First Amended Complaint; thus, Plaintiff need not seek leave of the Court before filing such an amended complaint.  Of course, should Plaintiff wish to make any other amendments to its complaint, either additional written consent by Defendant or the Court's leave must first be obtained.